UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDWIN MARRERO                          :
                                       :
        v.                             :        C.A. No. 05-160ML
                                       :
STATE OF RHODE ISLAND                  :

## MEMORANDUM AND ORDER
## PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

### Background

        Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis

("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915.  On April 15, 2005, Plaintiff Edwin

Marrero filed a *pro se* Complaint against the State of Rhode Island.  His Complaint consists of six

single-spaced, hand-written pages outlining a rambling history of events occurring during Plaintiff's

adult life and making a general plea for "help" from the District Court.  Although the Clerk has

docketed Plaintiff's action as a civil rights suit under 42 U.S.C. § 1983, the Complaint does not

indicate the jurisdictional basis, if any, for Plaintiff's claims.  Plaintiff's Complaint was accompanied

by an Application to Proceed IFP without being required to prepay costs or fees, including the

$250.00 civil case filing fee.  After reviewing Plaintiff's Application signed under penalty of perjury,

this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's

Application to Proceed IFP (Document No. 2) is GRANTED.

        Having granted IFP status, this Court is required by statute to further review the Plaintiff's

Complaint *sua sponte* (on the Court's own motion) under 28 U.S.C. § 1915(e)(2)(B) and to dismiss

this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or

"seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, rather than recommend dismissal of Plaintiff's Complaint at this time, Plaintiff is granted leave to file an Amended Complaint so that this Court may be better able to understand and then review his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Facts

The following is this Court's best attempt to summarize the confusing allegations in Plaintiff's Complaint. Plaintiff's six-page, single-spaced Complaint is hand-written in pencil and was filed on crumpled paper.

Plaintiff is a thirty-five year-old male who is not employed. He has been receiving monthly Social Security disability benefits in the amount of $636.35 since an unknown date. He is not currently employed, but was employed in the past in an undisclosed occupation by an individual named Mike Evans who passed away in approximately 2001. Plaintiff has four children, Edwin M., Jr.; Elliot William; Noel Elliot and Samuel Joseph. It appears that Plaintiff resides with his mother and father, Jose and Romanita Marrero, in Providence.

Plaintiff indicates in his Complaint that he has other lawsuits pending in state or federal court dealing with the same facts involved in the current action or relating to his prior imprisonment. He later indicates that he dropped the suit. This Court's records indicate that, in 1993, Plaintiff filed a prisoner civil rights claim against George Vose, then Rhode Island's Director of Corrections, a Deputy Corrections Warden and two Correctional Officers. That suit was dismissed in 1994 after notice to Plaintiff for lack of prosecution. See Marrero v. Vose, C.A. No. 93-682ML.

Plaintiff was incarcerated for a five-month period at the age of twenty-one for possession of a firearm. He was released in December 1991. The following year, at the age of twenty-two, he was

sent back to prison for first degree child molestation. Plaintiff indicates that he "fought" the case for eight months. He was on probation for two and one-half years; he served twenty-three and one-half months.

Plaintiff indicates that he was "beat up" at the ACI, that he "has a bad heart" due to "cocaine sniffing" and "smoking weed" for twenty-three years. He was taken to the nurse at the ACI's Intake Service Center. He had a hard time breathing, so he was given oxygen. Plaintiff also indicates that he has problems with his stomach. After being seen by the nurse at the ACI, Plaintiff was taken to segregation because of an incident with a correctional officer during his treatment at the Intake Service Center. It appears that Plaintiff claims having a number of altercations with correctional officers but does not indicate the identity of such officers or dates of the alleged incidents.

Plaintiff indicates that he has been in and out of prison for twelve years and that he has been going to The Providence Center for treatment. Plaintiff indicates that they took advantage of him at the Center for seven of the nine years he went there. He has been "out of trouble for 6 months and 1 week" and has been trying to get The Providence Center to give him medication that he needs "very, very bad." Plaintiff's nurse at The Providence Center is "Jackie Walise." His "mental health" doctor is Michael Silver who told Plaintiff (along with the nurse) that he looked good. Plaintiff indicates that when he does not take his medication, he feels sick and feels like hurting himself. He indicates that his medication keeps him in control. Plaintiff also indicates that he has scars on his head, his body, wrist, arms and "inside too."

Plaintiff indicates that he went to Memorial Hospital in Pawtucket for "help on drinking vako, smoking coke, weed." He indicated that he wanted to go to a ward for people that hurt themselves or somebody else. The Hospital would not allow him to stay there. Plaintiff indicates

that the Hospital gave him two injections, one of which he could not take because he is allergic to it and "can die from it."

Plaintiff also indicates that he was beaten up by unidentified police officers at the Central Falls Police Station and that he has witnesses that saw what happened. He does not indicate when this incident took place. He subsequently had chest pains. The witness is his friend who had to request help from a fireman due to Plaintiff's chest pains. He went to Memorial Hospital and was there for about one and one-half hours. Plaintiff left the Hospital with his mother and father because no one attended to him. Plaintiff wants to leave Rhode Island "for good" and wants to start a new life in another state. He is asking for help regarding this.

Plaintiff states that he has mental, emotional and physical problems and started to get welfare services at an unknown date. Plaintiff also indicates that he contacted his attorney, Brian Adea, "R.I. Disabled Law Center" in Providence, because he wants a living will so that his brother William Marrero can unplug the machine after Plaintiff sees his sons so that he can die in peace.

## Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief

-4-

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

## Discussion

In reviewing Plaintiff's Complaint, this Court has taken all of his allegations contained therein as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are several deficiencies apparent from the face of Plaintiff's Complaint which require consideration before this case may proceed further. These deficiencies are discussed in more detail below.

Although Plaintiff's *pro se* Complaint is held to a less stringent standard than one drafted by a lawyer, his *pro se* status does not excuse him from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). As noted above, Plaintiff's hand-written Complaint is very confusing and vague as to many details. The Complaint's caption does not identify any specific defendants. The case caption on Plaintiff's IFP application identifies only the "State of Rhode Island" as a defendant. The Complaint

-5-

does not identify the legal basis for this Court's jurisdiction and fails to identify the particular relief sought from this Court other than a general plea for "help."

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the Plaintiff's claim(s); and (3) a demand for judgment, i.e., the damages or other relief sought by plaintiff. Plaintiff's Complaint clearly fails to comply with Rule 8(a). In addition, Rule 10(a), Fed. R. Civ. P., requires that a complaint include a caption naming all of the parties (including all of the defendants) and that plaintiff's factual allegations be organized in separately numbered paragraphs. Finally, Rule 10(b), Fed. R. Civ. P., requires that each separate legal claim against a defendant(s) be set forth in a separately numbered "count" or section within the complaint. Plaintiff's Complaint clearly fails to comply with Rules 10(a) and (b). See Simpson v. Kingston, No. 04-C-298-C, 2004 WL 1246058 (W.D. Wisc. June 2, 2004) (complaint caption which did "not list any defendants" fails to comply with Rule 10(a)).

In addition to these procedural deficiencies, there are some potential legal deficiencies apparent on the face of Plaintiff's Complaint. As noted above, because Plaintiff has moved for IFP status, this Court is required under 28 U.S.C. § 1915(e)(2)(B) to review the sufficiency of Plaintiff's Complaint and to dismiss it if it is legally deficient. Plaintiff's rambling Complaint alleges a number of incidents including alleged assaults by state correctional officers and municipal police officers and complaints directed against health care providers. However, the only defendant specifically identified is the State of Rhode Island. However, the State of Rhode Island is generally entitled to sovereign immunity from suit in this Court pursuant to the Eleventh Amendment of the U.S. Constitution. While municipal/state officials/employees may be subject to suit in this Court in their

-6-

official and/or personal capacities, Plaintiff has not specifically identified any such defendants in his case caption as required by Rule 10(a), Fed. R. Civ. P. If Plaintiff is seeking to invoke this Court's subject matter jurisdiction under 42 U.S.C. § 1983 (civil rights claims), Plaintiff's allegations appear to go back over a decade. Although the dates of the events outlined in Plaintiff's Complaint are not clear, many may be barred by the three-year limitations period applicable to Section 1983 civil rights claims in Rhode Island. See Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004) (Section 1983 claims must be filed within three years). Finally, as to Plaintiff's complaints against health care providers, such claims are "purely state-law based" and do not typically involve a federal question triggering subject matter jurisdiction in this Court. See Mack v. Commonwealth of Mass., 204 F. Supp. 2d 163, 167 (D. Mass. 2002). Further, as to such state law claims, there is no indication of the existence of diversity jurisdiction. See 28 U.S.C. § 1332 (suit involves citizens of different states and the matter in controversy exceeds $75,000.00).

### Conclusion

Giving due deference to Plaintiff's *pro se* status, at this time, this Court will not recommend that the District Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Rather, this Court GRANTS Plaintiff Leave to file an Amended Complaint within thirty (30) days from the date of this Order which complies with the Federal Rules of Civil Procedure. In particular, the Amended Complaint should:

> (1) start with a case caption which lists or identifies all of the defendant(s), i.e., the party(ies) being sued by Plaintiff in this case, see Fed. R. Civ. P. 10(a);

> (2) be titled "Amended Complaint" at the top of the document;

(3) set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs and counts (or sections), <u>see</u> Fed. R. Civ. P. 10(b);

(4) contain a short and plain statement of the legal grounds upon which the federal court's jurisdiction depends, <u>see</u> Fed. R. Civ. P. 8(a)(1);

(5) a short and plain statement of the legal claim showing that Plaintiff is entitled to relief, <u>see</u> Fed. R. Civ. P. 8(a)(2); and

(6) a demand for judgment specifying the relief which Plaintiff seeks from each named defendant, <u>see</u> Fed. R. Civ. P. 8(a)(3).

This Court will take further action as appropriate under 28 U.S.C. § 1915(e)(2)(B) after reviewing Plaintiff's Amended Complaint. If Plaintiff fails to file an Amended Complaint pursuant to this Order, this Court will recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons discussed above pursuant to 28 U.S.C. § 1915(e)(2)(B).

LINCOLN D. ALMOND
United States Magistrate Judge
June 1, 2005